UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DOMINICK HOOPER,                                :
                                                :
                Plaintiff,                      :
                                                :
  -against-                                    :         18-cv-01706-JFB-ARL
                                                :
PETSMART INC.,                                  :
                                                :
                Defendant.                      :
-------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT**

Dated:  New York, New York
         January 28, 2019

Evan B. Citron
Shabri Sharma
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
599 Lexington Avenue, 17th Floor
New York, NY  10022
212-492-2500

*Attorneys for Defendant*
*PetSmart Inc.*

## **TABLE OF CONTENTS**

**Page(s)**

I. PRELIMINARY STATEMENT ..................................................................................1

II. BACKGROUND ..........................................................................................................2

III. ARGUMENT ................................................................................................................3

    A. Legal Standard ..................................................................................................3

    B. Plaintiff's Motion Should Be Denied Because the Proposed Amendment Is Made In Bad Faith ............................................................................................3

    C. Plaintiff's Motion Should Be Denied Because It Is Futile ...............................6

        1. Plaintiff's ADEA Claim Fails Because Plaintiff Failed to Exhaust His Administrative Remedies ......................................................................6

        2. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims ...........................................7

IV. CONCLUSION .............................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Birch v. Pioneer Credit Recovery, Inc.*,
  No. 06-6497T, 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007) ............................. 7, 9

*Bymoen v. Herzog*, *Heine, Geduld, Inc.*,
  1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991) ...................................................................... 4

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) .................................................................................................................. 7

*Colliton v. Cravath, Swaine & Moore LLP*,
  2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 Fed. Appx. 535 (2d
  Cir. 2009)................................................................................................................................... 4

*Dilworth v. Goldberg*,
  914 F. Supp. 2d 433 (S.D.N.Y. 2012) ....................................................................................... 5

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*
  282 F.3d 83 (2d Cir. 2002) ........................................................................................................ 6

*Epstein v. Kalvin-Miller Int'l Inc.*,
  100 F. Supp. 2d 222, 229 (S.D.N.Y. 2000) ............................................................................... 9

*Foster v. D.O.E. Theatre Arts Prod. Co. Sch*,
  2014 U.S. Dist. LEXIS 10445 (S.D.N.Y. Jan. 23, 2014) ...................................................... 6, 7

*Gause v. Chase Home Fin. LLC*,
  2010 WL 843945 (E.D.N.Y. Mar. 9, 2010)............................................................................... 4

*Ivanov v. New York City Transit Auth.*,
  2014 U.S. Dist. LEXIS 79614 (S.D.N.Y. June 4, 2014) ........................................................... 8

*Jones v. New York State Div. of Military & Naval Affairs*,
  166 F.3d 45 (2d Cir. 1999) ........................................................................................................ 3

*Kant v. Columbia Univ.*,
  2010 WL 807442 (S.D.N.Y. Mar. 9, 2010).......................................................................... 4, 5

*Kolari v. New York-Presbyterian Hosp.*,
  455 F.3d 118 (2d Cir. 2006) ...................................................................................................... 7

*Marcus v. AT&T Corp.*,
  138 F.3d 46 (2d Cir. 1998) ........................................................................................................ 8

*Menes v. City Univ. of New York Hunter Coll.*,
  578 F. Supp. 2d 598 (S.D.N.Y. 2008) ....................................................................................... 8

Case 2:18-cv-01706-RRM-ARL Document 28 Filed 01/28/19 Page 4 of 13 PageID #: 99

*Mohamed v. New York Univ.*,
  2015 U.S. Dist. LEXIS 68164 (S.D.N.Y. May 21, 2015) .......................................................... 6

*Palm Beach Strategic Income, LP v. Salzman*,
  2011 WL 1655575 (E.D.N.Y. May 2, 2011) ............................................................................. 4

*Prince v. Suffolk Cnty. Dep't of Health Servs.*,
  1995 WL 144782 (S.D.N.Y. Apr. 3, 1995) ............................................................................... 5

*Reisner v. Gen. Motors Corp.*,
  511 F. Supp. 1167 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91 (2d Cir. 1982) ................................. 4, 5

*Sacay v. Research Found.*,
  44 F. Supp. 2d 496 (E.D.N.Y. 1999) ........................................................................................ 8

*Sussle v. Sirina Protection Sys. Corp.*,
  269 F. Supp. 2d 285 (S.D.N.Y. 2003) .................................................................................. 8, 9

*Valencia v. Lee*,
  316 F.3d 299 (2d Cir. 2003) ..................................................................................................... 9

*Vega v. Hempstead Union Free School District*,
  801 F.3d 72 (2d Cir. 2015) ....................................................................................................... 6

*Wallace v. N.Y. City Dep't of Corr.*,
  1996 WL 586797 (E.D.N.Y. Oct. 9, 1996) .............................................................................. 4

## Statutes

28 U.S.C. § 1367(c)(3) ...................................................................................................................... 7

42 U.S.C. § 2000e-5(e)(l) ................................................................................................................. 6

## Other Authorities

Fed. R. Civ. P. 15(a) ........................................................................................................................ 3

Defendant PetSmart Inc. ("PetSmart") respectfully submits this memorandum of law in opposition to the motion filed by Plaintiff Dominick Hooper ("Hooper" or "Plaintiff") for leave to amend his Amended Complaint.

## I.     PRELIMINARY STATEMENT

Rather than confront PetSmart's motion to dismiss his Amended Complaint, Plaintiff seeks to amend his pleading for the second time. While Plaintiff vaguely cites "new factual discoveries since the original complaint was filed" (Docket No. 24-1 ("Br.") at 1) as the basis of his proposed Second Amended Complaint (Docket No. 25 (the "SAC")), his SAC conveniently abandons the claims that PetSmart moved to dismiss – breach of the implied covenant of good faith and fair dealing, and prima facie tort – in favor of an entirely new set of claims: age discrimination in violation of the ADEA and the New York State Human Rights Law ("NYSHRL"), respectively, and defamation. Plaintiff's opportune embrace of age discrimination and defamation claims after having twice failed to plead them exposes his present application as a transparent bid to avoid dismissal. No specious assertion regarding the discovery of new facts can obscure Plaintiff's bad faith in attempting to amend his pleading, which necessitates the denial of his application here.

The futility of the SAC provides further grounds for denying Plaintiff's motion. Plaintiff's ADEA claim cannot lie because Plaintiff failed to exhaust his administrative remedies with respect to that claim. That fatal flaw dooms not only Plaintiff's ADEA claim, but also his state law claims for age discrimination and defamation, as black letter law makes plain that a federal court should decline to exercise supplemental jurisdiction over such claims, where, as here, a plaintiff's federal claim fails in the early stages of a litigation. As the SAC fails to tender any viable claim, Plaintiff's motion should be denied.

1

## II.     BACKGROUND

On March 16, 2018, Plaintiff filed the Complaint, which alleged that PetSmart and Kevin Treanor ("Treanor"), a PetSmart employee, breached the implied covenant of good faith and fair dealing, and committed a prima facie tort, by "unlawfully terminating" his employment. (Docket No. 1 ("Compl.") ¶¶ 19-20, 26.)  Plaintiff claimed that jurisdiction was proper because his two state law claims raised a federal question. (Docket No. 1-1.) Nowhere in the Complaint did Plaintiff allege that either defendant discriminated against him, let alone did so because of his age ("sixty-one years old at the time of his termination" (SAC ¶ 35).  Nor did Plaintiff allege that either defendant had defamed him.  On September 21, 2018, PetSmart filed its application to dismiss the Complaint. (Docket No. 15.)  That application outlined, in detail, the jurisdictional and substantive deficiencies of the Complaint.  *See id.*

On October 1, 2018, the parties appeared before the Honorable Joseph F. Bianco for a telephone conference to discuss PetSmart's anticipated motion to dismiss the Complaint. (Affirmation of Evan B. Citron ("Citron Aff."), ¶ 2.)  At the outset of the conference, Judge Bianco invited Plaintiff's counsel, Leonard Zack, to comment on the jurisdictional basis of the Complaint. *Id.* ¶ 3.  In response, Mr. Zack requested leave to file an amended Complaint. *Id.* ¶ 3. PetSmart did not object to Mr. Zack's request, which the Court granted.  *Id.* ¶ 3.

On October 3, 2018, Plaintiff filed the Amended Complaint (Docket No. 17 ("Am. Compl.").)  Therein, Plaintiff again alleged that PetSmart breached the implied covenant of good faith and fair dealing, and committed a prima facie tort, by "unlawfully terminating" his employment. (Am. Compl. ¶¶ 19-20, 26.) Like its predecessor, Plaintiff's Amended Complaint is devoid of any allegation that PetSmart discriminated against him because of his age, or any other characteristic, or defamed him.

On November 2, 2018, PetSmart filed its motion to dismiss the Amended Complaint (Docket No. 21.) On November 20, 2018, Plaintiff filed a letter requesting a pre-motion conference to discuss his intent to file a motion for leave to amend his Amended Complaint. (Docket No. 22). On November 26, 2018, the Court ordered the parties to appear for a pre-motion conference on December 12, 2018, to discuss Plaintiff's anticipated motion. (Citron Aff., ¶ 4.) Although Plaintiff's papers in opposition to PetSmart's motion to dismiss were due to be filed by November 30, 2018 (Docket No. 19-1), he filed none. At the pre-motion conference on December 12, 2018, the Court granted Plaintiff's request to file the present motion. (Citron Aff., ¶ 4.)

As compared with his two prior complaints, the SAC marks a complete change in Plaintiff's proposed factual narrative and theory of the case. While Plaintiff continues to claim that PetSmart "unlawfully terminat[ed]" his employment, he has abandoned entirely his claims that PetSmart breached the implied covenant of good faith and fair dealing, and committed a prima facie tort, and now alleges – for the first time – that PetSmart discriminated against him because of his age, and defamed him. (SAC ¶¶ 28-49.)

### III.   ARGUMENT

#### A.   Legal Standard

A district court may deny leave to amend a pleading on a number of grounds, including where the movant has evinced bad faith in seeking to amend the complaint, or the proposed amendment is futile. Fed. R. Civ. P. 15(a); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999). Each of these grounds warrants the denial of Plaintiff's application here.

#### B.   Plaintiff's Motion Should Be Denied Because the Proposed Amendment Is Made In Bad Faith

A party who presents new facts and allegations in an amended pleading that contradict his

earlier pleading evidences bad faith, and should be denied leave to amend his pleading. *Palm Beach Strategic Income, LP v. Salzman*, 2011 WL 1655575, at *8 (E.D.N.Y. May 2, 2011); *Wallace v. N.Y. City Dep't of Corr.*, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996); *see also Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 Fed. Appx. 535 (2d Cir. 2009). When a plaintiff conspicuously changes his statement of the facts in response to a defendant's motion to dismiss, and thereby directly contradicts the facts set forth in his prior pleading, a court should accept the facts as described in the original complaint as true. *Colliton*, 2008 WL 4386764, at *6 (when a plaintiff "blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . a court is authorized to accept the facts described in the original complaint as true") (internal quotations and citations omitted); *see also Gause v. Chase Home Fin. LLC*, 2010 WL 843945, at *2 (E.D.N.Y. Mar. 9, 2010) (amended complaint's jurisdictional allegations that contradicted original compliant were "frivolous at best, and arguably outright malicious"). Courts are free to consider contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed. *Kant v. Columbia Univ.*, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (citing *Bymoen v. Herzog, Heine, Geduld, Inc.*, 1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991)); *Reisner v. Gen. Motors Corp.,* 511 F. Supp. 1167, 1171-72 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91 (2d Cir. 1982); *Wallace*, 1996 WL 586797, at *4.

Here, Plaintiff has demonstrated bad faith by attempting to assert entirely new facts – to support an entirely new theory of liability – that contradicts his previous pleadings. Indeed, Plaintiff has, in two separate pleadings, alleged that PetSmart terminated Plaintiff's employment as part of Treanor's allegedly conspicuous pattern of "boast[ing] about how he would discipline other store leaders when he visited other stores, threatening employees by stating their jobs were in jeopardy,

4

thereby creating a hostile work environment," (Compl. ¶¶ 12, 26; Am. Comp. ¶¶ 10, 26). Only now, facing the prospect of dismissal, does Plaintiff abandon those claims in favor of others that PetSmart terminated his employment because of his age, and defamed him. *See* SAC.

That Plaintiff was presumably aware of his own age when PetSmart terminated his employment – and several other newly alleged facts that, if true, occurred during his employment – further exposes his application's true purpose, and further justifies its denial. (*See* SAC ¶¶ 14-22, 35.) Indeed, leave to amend should be denied where, as here, the proposed amendments concern facts clearly within the party's knowledge when the prior complaint was filed. Plaintiff's shifting allegations here "concern facts clearly within the plaintiff's knowledge when previous complaints were filed." *Kant*, 2010 WL 807442, at *20-21 (denying leave to amend where proposed amendments contradicted earlier pleadings and facts were within movant's knowledge at the time the earlier pleadings were filed); *see also Reisner*, 511 F. Supp. at 1167 (denying leave to amend where allegations in proposed amendment were inconsistent with allegations in prior pleadings, and were facts that should have been within the movant's knowledge at the time the earlier pleadings were drafted); *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 460 (S.D.N.Y. 2012) ("A district court 'may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.'") (quoting *N.H. Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009); *Reisner*, 511 F. Supp. at 1172 (delay in seeking to amend pleading requires some explanation). Plaintiff's unsupported claim that his timely adoption of an entirely new theory of liability reflects "new factual discoveries" cannot mask the true purpose of his application – to salvage his action by avoiding Defendant's motion to dismiss. Plaintiff's bad faith in filing the instant application necessitates its denial here. *See Prince v. Suffolk Cnty. Dep't of Health Servs.*, 1995 WL 144782, at 6 (S.D.N.Y. Apr. 3, 1995) ("Defendant alleges that the only

5

reason that plaintiff seeks to amend the Second Amended Complaint is to forestall the defendant's motion to dismiss. If this is the reason for [plaintiff's] motion to amend, his motion should be denied.").

### C.    Plaintiff's Motion Should Be Denied Because It Is Futile

Even absent the bad faith basis of his application, Plaintiff's motion should be denied because the proposed amendments to his pleading are futile. *See, e.g.*, *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals* 282 F.3d 83, 88 (2d Cir. 2002).

#### 1.    Plaintiff's ADEA Claim Fails Because Plaintiff Failed to Exhaust His Administrative Remedies

As an initial matter, Plaintiff's ADEA claim is futile because Plaintiff has failed to exhaust his administrative remedies, as required, and his time to do so has expired. Nowhere in the SAC does Plaintiff allege to have filed any charge of age discrimination under the ADEA with the EEOC or the New York State Division of Human Rights. (*See* SAC.) A claimant is required to file a timely age discrimination charge with the EEOC (or relevant state agency) prior to filing suit in federal court. *See, e.g.*, *Mohamed v. New York Univ.*, 2015 U.S. Dist. LEXIS 68164, at *25 (S.D.N.Y. May 21, 2015). By failing to allege age discrimination in violation of the ADEA (or any other statute) in any charge, Plaintiff failed to exhaust his administrative remedies with respect to his ADEA claim. *Foster v. D.O.E. Theatre Arts Prod. Co. Sch*, 2014 U.S. Dist. LEXIS 10445, at *9 (S.D.N.Y. Jan. 23, 2014).

Nor can Plaintiff remedy that fatal deficiency. In New York State, a complainant must file his administrative charge alleging age discrimination under the ADEA within 300 days of the most recent alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(l); *Vega v. Hempstead Union Free School District*, 801 F.3d 72, 78-79 (2d Cir. 2015); *Foster*, 2014 U.S. Dist. LEXIS 10445, at *9. Nearly twice that amount of time has elapsed since Defendants allegedly terminated Plaintiff's

6

employment "in or about June 2017. (*See* SAC ¶ 10.) Accordingly, any new charge filed with the EEOC or the NYSDHR under the ADEA would be untimely. *Foster*, 2014 U.S. Dist. LEXIS 10445 at *9. As Plaintiff cannot assert a viable ADEA claim, amending his pleading to add such a claim would be futile, and thus cannot support his application here.

## 2. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Plaintiff would invoke the supplemental jurisdiction of this Court with respect to his NYSHRL and defamation claims, as related to his ADEA claim, over which the Court would have original jurisdiction were it not fatally flawed. Since Plaintiff's ADEA claim cannot survive dismissal, however, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Indeed, a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In weighing these factors, district courts consider "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-6497T, 2007 U.S. Dist. LEXIS 41834, at *16 (W.D.N.Y. June 8, 2007). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7.

7

In light of the allegations in the SAC and the nature of this action, the assertion of supplemental jurisdiction over Plaintiff's state law claims in the wake of his ineffectual ADEA claim would mark a clear departure from standard jurisprudence on the matter. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("Federal courts normally decline to exercise jurisdiction over state law claims when all the federal claims have been dismissed before trial."); *Sussle v. Sirina Protection Sys. Corp.*, 269 F. Supp. 2d 285, 317 (S.D.N.Y. 2003) ("Indeed, the Second Circuit has held that 'in the absence of any remaining federal claims, the appropriate analytic framework to be applied to discrimination claims based on a 'disability' as defined by the New York state and municipal law is a question best left to the courts of the State of New York ... [Thus,] the state-law claims should be dismissed so that the state courts can, if so called upon, decide for themselves whatever questions of state law this case may present.' ") (*quoting Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001)).

Moreover, in cases dealing with claims similar to those asserted herein, district courts in this circuit have repeatedly declined to exercise supplemental jurisdiction over state tort and NYSHRL claims after dismissing a plaintiff's federal discrimination claims. *See, e.g.*, *Ivanov v. New York City Transit Auth.*, 2014 U.S. Dist. LEXIS 79614, at *10, 21 (S.D.N.Y. June 4, 2014) (granting motion to dismiss ADA claims and declining to exercise supplemental jurisdiction over remaining state law negligence claim); *Menes v. City Univ. of New York Hunter Coll.*, 578 F. Supp. 2d 598, 620 (S.D.N.Y. 2008) (granting summary judgment on plaintiff's federal discrimination claims and declining to exercise supplemental jurisdiction over remaining claim under the New York City Human Rights Law ("NYCHRL"); *Sussle*, 269 F.Supp. 2d at 317 (declining to exercise supplemental jurisdiction over NYCHRL claim after dismissing plaintiff's federal discrimination claim); *Sacay v. Research Found.*, 44 F. Supp. 2d 496, 502 n.2 (E.D.N.Y. 1999) (granting motion to dismiss plaintiff's ADA and Rehabilitation Act claims and finding that therefore "the exercise

8

of supplemental jurisdiction over plaintiff's state and city law claims would not be proper.") (*citing* 28 U.S.C. § 1367(c)(3)).

Plaintiff's remaining state law claims implicate no federal question, nor any issue of federal policy or interest. Further, the action remains in its initial stages and no trial date has been set. *See Birch*, 2007 U.S. Dist. LEXIS 41834, at * 16; *see also Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Moreover, issues of local concern predominate in Plaintiff's NYSHRL claim because discrimination claims asserted under that statute are analytically distinct from discrimination claims asserted under the federal laws. *Sussle*, 269 F. Supp. 2d at 316 (*citing Epstein v. Kalvin-Miller Int'l Inc.*, 100 F. Supp. 2d 222, 229 (S.D.N.Y. 2000)). As this Court should refrain from exercising supplemental jurisdiction over Plaintiff's state law claims in the wake of his deficient ADEA claim, the futility of the SAC is indisputable, and warrants the denial of Plaintiff's application.

## IV.  CONCLUSION

For each of the foregoing reasons, PetSmart respectfully requests that the Court deny Plaintiff's motion for leave to amend his Amended Complaint.

Dated: New York, New York  
January 28, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH,  
 SMOAK & STEWART, P.C.

By: *s/ Evan B. Citron*  
     Evan B. Citron  
     Shabri Sharma  
599 Lexington Avenue, 17th Floor  
New York, NY  10022  
212.492.2500  
evan.citron@ogletree.com  
shabri.sharma@ogletree.com

*Attorneys for Defendant*  
*PetSmart Inc.*